FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 24, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL SHANE LEAVITT, <br><br> Defendant. | NO. 2:18-CR-0177-TOR-1 <br><br> SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Pro Se Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 72. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

On March 14, 2019, Michael Shane Leavitt appeared before the Court and entered a plea of guilty to Count 1 of the Indictment filed on September 18, 2018, charging him with Receipt of Child Pornography, in violation of 18 U.S.C. §

2252A(a)(2)(A), (b)(1).  On June 12, 2019, this Court sentenced Defendant to a 120-month term of imprisonment, followed by a 10-year term of supervised release, a $3,000 order of restitution, an order of forfeiture, and a $100.00 special penalty assessment.  ECF No. 59.  Defendant was remanded to the custody of the United States Marshal to begin service of his sentence.  According to the Bureau of Prisons, Defendant is currently scheduled for release on July 17, 2027.

On November 14, 2023, Defendant filed the instant Second Motion for Compassionate Release.  ECF No. 72.  Defendant requests the Court to reduce his sentence to time served.  He explains that extraordinary and compelling reasons support such reduction, which is that his parents are old and have physical conditions that require a caregiver.  He explains that he will have a stable living environment, a job waiting for him upon release, and that he is totally committed to living a crime-free life.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A) (2002).

However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission has recently updated its policy statement on sentence reduction. U.S.S.G. Guidelines Manual, effective Nov. 1, 2023. The sentence reduction policy statement now outlines six categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) Medical Circumstances of the Defendant; (2) Age of the Defendant; (3) Family Circumstances of the Defendant: (4) Victim of Abuse; (5) Other Reasons; and (6) Unusually Long Sentence. U.S.S.G. § 1B1.13, eff. Nov. 1, 2023.

According to the Ninth Circuit in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id*. (agreeing with and quoting decisions of Second and Fourth Circuits).

**B. Exhaustion or Lapse of 30 days**

Defendant represents that he has exhausted his administrative remedies with the Bureau of Prisons. ECF No. 72-1. Defendant represents that he submitted his request to the Warden of his facility on August 15, 2023 and never received a response.

**C. Extraordinary and Compelling Reasons**

Defendant, now age 58, argues that extraordinary and compelling reasons justify a reduction of his sentence to time served. Defendant contends that his parents need assistance because of their age and medical conditions. Defendant

has a brother that appears to have been assisting them, but he is going through a divorce and intends to move.

Defendant argues that his parents require long term care and are without a caregiver. He contends that his family is willing to give him housing and support and that he has shown genuine remorse for his actions. The Court does not find extraordinary and compelling reasons to reduce Defendant's sentence.

The fact that an inmate has elderly parents who could well benefit from the assistance of their child could apply to any inmate with a parent who is both elderly and has health conditions. This is not extraordinary, but rather typical.

In this case, there are no extraordinary and compelling reasons, alone or in combination, for a reduction in sentence.

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
      (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
      (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
  (5) any pertinent policy statement—
    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. At sentencing, Defendant's total offense level was 30 and he had a criminal history

SECOND ORDER DENYING
DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 6

category of I.  This directed an advisory guideline range of 97 to 121 months of imprisonment.  Considering all the sentencing factors, the Court expressly indicated that a 120-month sentence was sufficient but not greater than necessary to comply with the purposes and goals of sentencing.

Once again, the Court has fully considered these factors in light of the information Defendant recently provided.  Of particular note is the nature and circumstances of the offense in this case.  This was not a simple, one-time event, Defendant was involved in an extensive collection of child pornography, including the victimization of young girls.  The Court will not repeat the offense conduct, suffice to say that it is fully set forth in the PSIR in detail.  ECF No. 53.

The Court is obligated to protect the public from defendant's serious and despicable conduct.  The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct.  Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Defendant's stated remorse and promise towards good conduct are commendable, but do not alone warrant early release.  28 U.S.C. § 994(t).  Considering the totality of all the facts, compassionate release is unwarranted.

SECOND ORDER DENYING
DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 7

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Pro Se Second Motion for Compassionate Release, ECF No. 72, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties, including Defendant at the Federal Correctional Institute Lompoc.

**DATED** November 24, 2023.



THOMAS O. RICE
United States District Judge